# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.   1:11-CV-01214-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM; DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>(ECF NO. 1)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**I.    PROCEDURAL HISTORY**

　　On July 22, 2011, Plaintiff Kenneth Sierra, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. Section 1983.

　　On August 24, 2011, Plaintiff declined magistrate judge jurisdiction. (ECF No. 8.)

　　Plaintiff's Complaint is now before the Court for screening.

///////

## II.    SCREENING REQUIREMENT

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal is frivolous [or] ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Iqbal, 129 S.Ct at 1948–49.

## III.    SUMMARY OF COMPLAINT

Plaintiff is currently housed at Corcoran State Prison. (Compl., p.1, ECF No. 1.) The allegations in Plaintiff's Complaint are nearly incomprehensible. He appears to seek injunctive relief and monetary damages on claims arising out of the following unrelated facts:

Plans to move him from an acute care hospital housing unit to housing with a lower level of care, (Compl. at 3-4), based upon Defendants' malfeasance and medical malpractice regarding MRI scanning and lack of pain imagery, (Id.), and in failing to

diagnose his alleged paraplegia as other than a faked disability; (Id. at 35)

Plaintiff claims he suffers paraplegia from injuries sustained in the 1980's when metal restraints were left attached during an MRI scan, (Id. at 3-4), and/or as provided in confidential 1960's military records regarding a sharp object penetrating his back and striking his spine, leaving him with a painful nerve disorder unnoticed by Defendants who wrongly accuse him of having an acute mental disorder; (Id. at 3-4, 12)

A conspiracy targeting "Nike" brand, and his claim to legal ownership of Nike businesses worldwide, by Defendants and others who were or are his Nike employees, acting in concert with ex-military personnel, ex-police personnel, and the CIA, to conceal and swindle away his ownership and control of Nike, over the past 25 years, involving character assassination and psychic evaluation, (Id. at 5-6), and the marketing of Nike merchandise without his permission; (Id. at 34)

Prison appeal sabotage, interference, and mail delivery irregularities, apparently relating to the Nike issues, including Defendants use of Klu, Klux, Klan tactics, (Id. at 6), and/or relating to his status as the number one song writer in America, (Id. at 12), and/or to his ownership of the Florida Marlins baseball team, (Id. at 13), involving intent to murder him, (Id. at 12), with the assistance of comedian Jerry Lewis. (Id.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Section 1983 is the appropriate avenue to remedy an alleged wrong

only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

The Court finds Plaintiff's Complaint to be frivolous. Plaintiff's allegations are improbable and without factual or legal basis for relief. Review of the Complaint does not identifyunderlying factual allegations, beyond those that far exceed the scope of reason, which could give rise to a constitutional violation

A claim is factually frivolous if its allegations are bizarre, irrational or incredible. Edwards v. Snyder 478 F.3d 827, 829-830 (7th Cir. 2007). See Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.") If the Plaintiff's action is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories 622 F.2d 458, 460 (1980) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)). The critical inquiry is whether a constitution claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff's allegation that he has undiagnosed paraplegia, ownership of Nike and of a baseball team, and of Defendants' conspiracy with third parties including ex-military and the CIA, to defraud him of these interests, and to murder him, are patently incredible and unbelievable. The Plaintiff's Complaint is frivolous under 1915(e)(2)(B), and devoid of factual support or arguable question of law. See Neitzke, 490 U.S. at 327-328. The Complaint lacks even "an arguable basis either in law or in fact," and appears "fanciful,"

"fantastic," or "delusional." Neitzke, 490 U.S. at 325, 328.

The Complaint also fails to allege facts demonstrating deprivation of a constitutional right. Plaintiff refers to certain protected rights under the First, Eighth and Fourteenth Amendments, but his allegations in relation thereto are frivolous and unsupportive of any cognizable claim.

Although the Court generally allows plaintiffs the opportunity to amend pleadings to address deficiencies noted by the Court during screening, amendment here would be futile for the reasons stated above. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) ([D]enial of leave to amend is not an abuse of discretion where further amendment would be futile); see also Robinson v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. March 18, 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996)).

## V.    **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be dismissed, without leave to amend, as frivolous and for failure to state a claim upon which relief could be granted, with the Clerk to close the case and the dismissal subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).[1]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

---

[1] Dismissal to be without prejudice to any subsequent action by Plaintiff, against Defendants named herein, upon a cognizable Section 1983 claim.

-5-

of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Findings and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 7, 2012           /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE